1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MICHAEL PAUL WILLIAMS,            )   No. C 09-5314 MMC (PR)
                                       )
11                  Plaintiff,         )   **ORDER OF SERVICE; DENYING**
                                       )   **MOTION FOR APPOINTMENT OF**
         v.                            )   **COUNSEL**
12                                     )
13   ROBERT A. HOREL, et al.,          )   **(Docket No. 3)**
                                       )
14                  Defendants.        )
     _____ )

15          On November 9, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay

16   State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under

17   42 U.S.C. § 1983.  By separate order filed concurrently herewith, plaintiff has been granted

18   leave to proceed in forma pauperis.

19                                    **DISCUSSION**

20   A.     Standard of Review

21          A federal court must conduct a preliminary screening in any case in which a prisoner

22   seeks redress from a governmental entity or officer or employee of a governmental entity.

23   See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

24   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

25   be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

26   § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

27   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

28   § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

United States District Court
For the Northern District of California

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

Plaintiff alleges that prison officials at PBSP are denying him the right to practice his Buddhist religion by denying him a nutritionally adequate vegetarian diet.  Specifically, plaintiff alleges that he has received a special religious vegetarian diet since 1998, but starting in June 2008 prison officials drastically modified the diet to consist of inedible and nutritionally inadequate food.  All of plaintiff's administrative appeals concerning his diet have been denied by officials at PBSP and the California Department of Corrections and Rehabilitation.  By way of the instant action, plaintiff seeks injunctive relief and damages.

Plaintiff claims the violation of his right to the free exercise of his religion under the First Amendment and the Religious Freedom Restoration Act.  The Religious Freedom Restoration Act, however, has been declared unconstitutional.  See City of Boerne v. Flores, 521 U.S. 507, 536 (1997).  Consequently, the Court liberally construes plaintiff's Religious Freedom Restoration Act claim as one brought under the successor to that statute, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Plaintiff's allegations, when liberally construed, state cognizable claims for relief under the First Amendment and RLUIPA.  See O'Lone v. Shabazz, 482 U.S. 342, 349 (1987) (holding prison regulation impinging on inmate's First Amendment right to free exercise of religion must be reasonably related to legitimate penological interests); 42 U.S.C. § 2000cc-1(a) ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."); McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (holding inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion").

2

C.      Motion for Appointment of Counsel

        Plaintiff has filed a motion for appointment of counsel.  There is no constitutional

right to counsel in a civil case such as this.  See Lassiter v. Dep't of Social Services, 452 U.S.

18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to

"request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C.

§ 1915(e)(1).  The decision to request counsel to represent an indigent litigant under § 1915

is within "the sound discretion of the trial court and is granted only in exceptional

circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of

"exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's

success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of

the complexity of the legal issues involved.  See Agyeman v. Corrections Corp. of America,

390 F.3d 1101, 1103 (9th Cir. 2004).  To date, plaintiff has been able to present his claims in

an adequate manner and there are no exceptional circumstances warranting appointment of

counsel at this time.  Should the circumstances of the case materially change, the Court may

reconsider plaintiff's request sua sponte.

**CONCLUSION**

        For the reasons stated above, the Court orders as follows:

        1.  Plaintiff's motion for the appointment of counsel is hereby DENIED.  (Docket No.

3.)

        2.  The Clerk of the Court shall issue summons and the United States Marshal shall

serve, without prepayment of fees, a copy of the complaint in this matter, all attachments

thereto, and a copy of this order upon: **(1) PBSP defendants Warden Robert A. Horel,**

**Associate Warden M.A. Cook, Correctional Business Manager Dayton W. Conover,**

**Correctional Food Manager Fred Stoner, Supervising Correctional Cook R. Orr,**

**Supervising Correctional Cook J. Williams, Facility Captain R. Pimental, and (2)**

**California Department of Corrections and Rehabilitation (Sacramento) defendant**

**Chief Inmate Appeals Coordinator N. Grannis.**  The Clerk shall also mail courtesy copies

of the complaint and this order to the California Attorney General's Office.

3

United States District Court
For the Northern District of California

3.  Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above.  **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

4.  The Court hereby extends the time to file an answer or waiver of answer, <u>see</u> 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

5.  If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003).

6.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

7.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

a.  In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts

---

[1]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

4

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.  In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      8.  Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

      9.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

      10.  All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the

document to defendants or defendants' counsel.

11.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

12.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: April 19, 2010

MAXINE M. CHESNEY
United States District Judge