IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WILLIAMS, )<br>  )<br>   Plaintiff, )<br>  )<br>  v. )<br>  )<br>ROBERT A. HOREL, et al., )<br>  )<br>   Defendants. )<br>_____ ) | No. C 09-5314 MMC (PR)<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO SERVE DEFENDANTS; GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANTS' DISPOSITIVE MOTIONS; DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING PRISON OFFICIALS TO PHOTOCOPY LEGAL DOCUMENTS IN EXCESS OF 50 PAGES**<br><br>**(Docket Nos. 8 & 21)** |

On November 9, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, claiming the violation of his right to the free exercise of his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Thereafter, the Court found plaintiff had stated cognizable claims for relief and ordered the complaint served on eight defendants. Now pending before the Court are two dispositive motions filed by defendants: (1) a motion for summary judgment, and (2) a motion to dismiss the complaint pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff failed to exhaust administrative remedies.

1. Motion to Serve Defendants

In its order of service, filed April 19, 2010, the Court directed the Clerk to issue summons and the United States Marshal to serve the defendants. The Clerk issued summons

for each defendant the following day, April 20, 2010. (Docket Nos. 6, 7.) Approximately two weeks later, on May 7, 2010, plaintiff filed a motion for summons to be issued and the Marshal to serve the defendants; plaintiff also provided a declaration with the defendants' addresses. (Docket Nos. 8, 9.)

Following the filing of plaintiff's motion, all defendants were served, and each defendant has made an appearance herein. Accordingly, plaintiff's motion is hereby DENIED as moot.

2. Motion for Extension of Time

Plaintiff moves for an extension of time of sixty days to oppose defendants' dispositive motions. Defendants have filed a statement of non-opposition to plaintiff's request. Good cause appearing, plaintiff's request for an extension of time is hereby GRANTED.

Plaintiff's opposition to defendants' motions shall be filed with the Court and served on defendants no later than **sixty (60)** days from the date this order is filed. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

3. Motion for Order Re: Photocopying of Opposition

Plaintiff also moves for a court order compelling prison officials at PBSP to exempt plaintiff, in the instant case, from limitations provided by a prison regulation that restricts photocopying of inmates' legal documents consisting of more than 50 pages. Specifically, plaintiff references § 3162 of the California Code of Regulations, which provides as follows:

> A legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to the maximum number of pages needed for the filing, not to exceed 50 pages in total length, except when necessary to advance litigation. The inmate shall provide to designated staff a written explanation of the need for excess document length.

(Cal. Code Regs., tit. 15, § 3162(c).)

In support of his motion, plaintiff states that although he does not yet know the length of his oppositions to defendants' dispositive motions, he anticipates said documents,

including attached exhibits, will be in excess of 100 pages.[1]  Consequently, plaintiff asserts, he requires a court order directing prison officials to photocopy the oppositions.

Defendants oppose plaintiff's motion on the grounds plaintiff's request is premature and he has not shown good cause for any such order.

Under the Local Rules of this District, no opposition brief may exceed 25 pages of text, absent leave of court.[2]  (Civ. L.R. 7-4(b).)  Consequently, plaintiff, in order to exceed the limits of the prison regulation, would have to file a 25-page brief together with more than 25 pages of exhibits.  At this time, there is no indication that plaintiff cannot file an opposition brief, including exhibits, that does not exceed 50 pages in length, regardless of whether plaintiff chooses to file separate opposition briefs in response to each of defendants' dispositive motions, or a single opposition brief in response to both motions.[3]  Accordingly, plaintiff's request for a court order overriding the above-referenced prison regulation is hereby DENIED.[4]

This order terminates Docket Nos. 8 and 21.

IT IS SO ORDERED.

DATED: November 30, 2010

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] It is not clear from plaintiff's motion whether he intends to file a separate opposition to each of defendants' dispositive motions, or a single opposition thereto.

[2] Plaintiff has not sought such leave and should not assume any such request would be granted.

[3] The Court's reference to "opposition brief" is meant to include all supporting exhibits.

[4] Plaintiff is advised that, in order to reduce the number of pages to be photocopied, he need not resubmit exhibits upon which he intends to rely where such exhibits have been submitted by defendants or otherwise are contained in the record of the case, provided plaintiff cites to any such previously-submitted exhibit and adequately identifies where it can be located in the record.