IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT A. HOREL, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 09-5314 MMC (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 40)** |

　　　　On November 9, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On September 19, 2011, the Court denied two dispositive motions filed by defendants and referred the case to Magistrate Judge Vadas for settlement proceedings. A settlement conference is set for November 4, 2011. Now before the Court is plaintiff's motion for appointment of counsel to represent him at the settlement conference and in other future proceedings in this action.

　　　　There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood

of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte. Accordingly, plaintiff's motion for appointment of counsel is hereby DENIED.

This order terminates Docket No. 40.

IT IS SO ORDERED.

DATED: November 2, 2011

_____
MAXINE M. CHESNEY
United States District Judge