IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL PAUL WILLIAMS, | ) | No. C 09-5314 MMC (PR) |
| Plaintiff, | ) ) | **ORDER DENYING MOTION TO REOPEN CASE** |
| v. | ) ) | **(Docket No. 48)** |
| ROBERT A. HOREL, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On November 9, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, claiming defendants denied him the right to practice his Buddhist religion, by failing to provide him with a nutritionally adequate vegetarian diet. On November 9, 2011, following referral of the case to Magistrate Judge Vadas for settlement proceedings, the Court was advised that the parties had entered a settlement agreement. The Court thereafter dismissed the case, with prejudice, pursuant to stipulation of the parties. (Docket No. 47.)

Now before the Court is plaintiff's request to reopen the case. Therein, plaintiff claims defendants have not complied with the terms of the settlement agreement. Specifically, plaintiff asserts, defendants "have failed to adequately change the menu." (Pl. Decl. Supp. Mot. to Reopen at 2.) In support thereof, plaintiff submits various inmate appeals, in which he states his vegetarian diet trays were lacking "full amounts of servings" such as "full issues of beans, rice, etc.," in violation of the settlement agreement. (Id., Ex.

A.)

The Court construes plaintiff's request as a motion for reconsideration. Where the Court's ruling has resulted in a final judgment or order, as is the situation presented here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b)(motion for relief from judgment) of the Federal Rules of Civil Procedure. Because plaintiff's motion was not filed within 28 days of entry of judgment, as is required for a Rule 59(e) motion, it will be treated as a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Given the lack of any specific citation by plaintiff, the Court assumes plaintiff is basing his motion on Rule 60(b)(6).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) (overruled on other grounds by United States v. Washington, 593 F.3d 790 (2010)). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." Id. (internal quotation and citation omitted).

"In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not [] reopen the underlying litigation after dismissal." Keeling v. Sheet Metal Workers Intern. Ass'n, Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991). Where there is evidence of "bad faith noncompliance," however,

"[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance" that will "justif[y] vacating the court's prior dismissal order." Id. at 410-11.

Here, there is no evidence of "bad faith noncompliance" or "repudiation " of the settlement agreement. Defendants have submitted a signed copy of the settlement agreement, which shows the parties agreed to the following:

> Defendants, including defendant Stoner, agree to review vegetarian food service procedures within 30 days.

(Decl. L. Stocker Supp. Defs.' Opp. to Mot. to Reopen, Ex. A.) The agreement does not require that any specific changes be made to PBSP's vegetarian food service procedures. Consequently, plaintiff's claims that defendants have not changed the menu or increased vegetarian portion sizes are insufficient to show defendants have not complied with the the settlement agreement. Because there is no evidence of "bad faith noncompliance" or "repudiation," no "extraordinary circumstance" exists to justify "vacating the court's prior dismissal order." See Keeling, 937 F.2d at 410-11.

For the foregoing reasons, plaintiff's motion to reopen the case is hereby DENIED. This order terminates Docket No. 48.

IT IS SO ORDERED.

DATED: May 31, 2012

_____
MAXINE M. CHESNEY
United States District Judge